F I L E D
CLERK OF COURT

2026 MAY 28  AM 9: 32

SUPERIOR COURT
OF GUAM



# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>VICTOR VICENTE GAMBOA OMAGAP,<br>DOB: 11/18/1975<br><br>Defendant. | CRIMINAL CASE NO. **CF0411-17**<br>GPD Report No. 17-19986<br><br>**DECISION & ORDER RE. DEFENDANT'S MOTION TO DISMISS CASE DUE TO PROSECUTORIAL MISCONDUCT FOR FAILURE TO PROVIDE PLEA AGREEMENT AS ORDERED BY COURT AT COURT PROCEEDINGS** |

This matter came before the Honorable Alberto E. Tolentino on March 4, 2026, for a Motion Hearing. Defendant Victor Vicente Gamboa Omagap ("Defendant") was present with counsel Public Defender Ramiro Orozco. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings.

\\

\\

\\

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 1 of 8

## BACKGROUND

Based on events that occurred on or about July 17, 2017, the Defendant was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). *See* Indictment (Aug. 7, 2017). As to this charge, the court deferred acceptance of the Defendant's guilty plea. *See* Change of Plea Hr'g Mins. at 3:04:02 – 27:05PM (Nov. 16, 2018).[1]

Following the deferment of the Defendant's plea, the court returned the original Plea Agreement for corrections. *See* Speed Memo (Dec. 6, 2018). That same month, the court issued a bench warrant for the Defendant's arrest after the Probation Services Division ("Probation") filed a first violation for his failure to refrain from ingesting or consuming illegal controlled substances. *See* Progress Hr'g Mins. at 10:09:42 – 10:18AM (Dec. 31, 2018). However, six (6) years passed before the bench warrant was returned. *See* Return of Warrant (Jan. 18, 2024). After absconding from the court's supervision, the court suspended a thirty-day sanction and released the Defendant from confinement. *See* Return of Warrant Hr'g Mins. at 9:12:22AM (Jan. 23, 2024).

The Defendant subsequently received his second through sixth violations; all for testing presumptive positive for methamphetamine.[2] After Probation filed his sixth violation, the parties were before the court for a Progress Hearing on July 24, 2024. In that hearing, the court addressed the lack of a filed Plea Agreement after Judge Sukola requested that it be resubmitted to reflect her corrections. *See* Progress Hr'g Mins. at 2:51:00 – 3:02:20PM (July 24, 2024). Due to no filed Plea Agreement, the court was unable to file its Order After Hearing. *Id.* Without an Order After Hearing, Probation was unable to impose an expiration date for the Defendant's probationary

---

[1] At this time, the case was before the Honorable Anita A. Sukola.

[2] *See* 2nd Violation Report (Apr. 24, 2024); *see also* 3rd Violation Report (May 8, 2024); *see also* 4th Violation Report (June 3, 2024); *see also* 5th Violation Report (June 14, 2024); *see also* 6th Violation Report (June 27, 2024).

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 2 of 8

term. *Id.* Based on its record of the Defendant's Change of Plea hearing in 2018, Probation informed the court that the Defendant had the following outstanding conditions: (1) Treatment with New Beginnings; twenty-four (24) recovery support meetings; (3) a fine of Five Thousand Dollars ($5,000.00); (4) court costs of Eighty Dollars ($80.00); and (5) One Hundred Fifty (150) hours of community service. *Id.* Ultimately, the court ordered the People to prepare a Plea Agreement incorporating Judge Sukola's corrections indicated within the original Plea Agreement, which was returned to the Office of the Attorney General of Guam through a Speed Memo. *Id.*

By the next Progress Hearing on October 23, 2024, the court addressed the Defendant's seventh violation but noted that it had not received a corrected Plea Agreement in order to prepare its Order After Hearing. *See* Progress Hr'g Mins. at 2:46:50 – 52:16PM (Oct. 23, 2024). Again, the court requested the Assistant Attorney General in this hearing to review this case and submit a corrected Plea Agreement before the next hearing. *Id.* However, the court issued a warrant of arrest pursuant to the Defendant's eighth violation. *See* Warrant (Feb. 26, 2025).

At his Return of Warrant hearing on March 11, 2025, the court addressed the Defendant's eighth violation as well as the absence of a corrected Plea Agreement. *See* Return of Warrant Hr'g Mins. at 4:09:02 – 22:12PM (Mar. 11, 2025). After granting the Defendant's release, the Public Defender assured the court that something could be drafted since its office had a digital copy of the recording of the Change of Plea Hearing from 2018 before Judge Sukola. *Id.*

At the next hearing on May 23, 2025, the court addressed the Defendant's violations and lack of a Plea Agreement once more. *See* Further Proceedings Mins. at 2:52:00 – 57:37PM (May 23, 2025). Although the People filed a proposed Order After Hearing, no Plea Agreement was

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 3 of 8

filed along with it. *Id.* The court informed the parties that this would be the last continuance to allow the parties to submit a corrected Plea Agreement before the next hearing in August. *Id.*

On August 20, 2025, the Defendant was not present at this Further Proceedings while the court addressed the issue of the Plea Agreement. *See* Further Proceedings Mins. at 11:19:02 – 25:53AM (Aug. 20, 2025). The Public Defender informed the court that it received a formal Plea Agreement from the People, memorializing the conditions imposed by Judge Sukola back on November 16, 2018. *Id.* In response, the court granted its request for a short continuance to ensure that the terms within the People's proposed Plea Agreement align with Judge Sukola's previously imposed conditions. *Id.*

On November 19, 2025, the People informed the court that the proposed Plea Agreement, which was sent before the last hearing, was still pending the Defendant's review and signature. *See* Further Proceedings Mins. at 10:36:23 – 46:30AM (Nov. 19, 2025). The Defendant argued that entering a plea at this point in the case would be" a miscarriage of justice;" and subsequently made an oral motion to dismiss. *Id.* Because no Plea Agreement was filed, the court returned this case back to pre-trial status and ordered the Defendant to comply with the previously imposed conditions of pre-trial release. *Id.*

The Defendant then filed a Motion to Dismiss Case due to Prosecutorial Misconduct for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings ("Motion to Dismiss"). On January 23, 2026, the People filed its Opposition to the Motion to Dismiss ("Opposition"). Upon reviewing the pleadings, the court addressed the parties' arguments regarding the Motion to Dismiss.

In the Motion Hearing, the Defendant argued that the interests of justice call for dismissal of this case due to the People's alleged prosecutorial misconduct in its failure to provide a Plea

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 4 of 8

Agreement. *See* Mot. Hr'g Mins. at 3:37:12 – 40:35PM (Mar. 4, 2026). The Defendant also argued that the five-thousand-dollar-fine previously imposed was "cruel and unusual" for someone who is indigent and appointed the Public Defender to represent him. *Id.* The People do not believe that the delay to submit a written Plea Agreement should result in dismissal, indicating that the issues surrounding it were more administrative; as opposed to a disagreement between the parties. *Id.* at 3:40:36 – 43:51PM. After hearing the parties' arguments, the court took the matter under advisement. *Id.* at 3:55:27 – 57:58PM.

## DISCUSSION

"If the court becomes aware that a party has failed to comply with a court order, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." 8 GCA § 70.45. When trial judges select a sanction to impose against counsel, the Guam Supreme Court has iterated that the appropriate sanction is "proportionate to the misconduct." *People v. Tuncap*, 1998 Guam 13 ¶ 24 (quoting *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983)).

"The prosecutor's misconduct was of such serious nature and was placed on record at numerous hearings throughout the last two years, and yet as of this motion no resolutions [have] been offered, no plea agreement received, prepared reflecting the acceptance of such plea related to the November 2018 change of plea." Def.'s Mot. Dismiss at 4. In its Opposition, the People attached exhibits indicating efforts to redraft a plea in August of 2025 as well as a follow-up in November of that same year. *See* Ppl.'s Opp'n, Ex. A. In light of this, the People argued that looking at the unreasonable delay in this 2017 was warranted, citing to 8 GCA § 80.70 and *Barker* factors to review whether such unreasonable delay warranted dismissal of this case. *Id.* at 3. "If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 5 of 8

dismiss the indictment, information or complaint." 8 GCA § 80.70(b). Because the court previously deferred the Defendant's guilty plea rather than proceed with a trial, 8 GCA § 80.70 is not the appropriate authority to consider regarding this Motion to Dismiss.

The Defendant seeks dismissal of this case based on the "government's failure to adhere to numerous requests by the Court going back to the first request on record at the July 2024 hearing through the last hearing held in August 2025." Def.'s Mot. Dismiss at 5. However, dismissal is deemed an extreme sanction, because it would prevent the case from going forward on its merits. *Tuncap,* 1998 Guam 13 ¶ 27. Unless there is "flagrant and prosecutorial misconduct," dismissing an indictment is not an appropriate sanction. *People v. Naich,* 2013 Guam 7 ¶ 33 (quoting *United States v. Jacobs,* 855 F.2d 652, 655 (9th Cir. 1988)).

Upon reviewing this case's history, this court requested for a corrected Plea Agreement five (5) times. The first request was made after the Defendant had been missing from the court's supervision for six (6) years. The second request was made without objection from the Defendant. When making a third request, the court granted a continuance based on the Public Defender's representation that it possessed a digital recording of the Defendant's Change of Plea Hearing before Judge Sukola; which it offered to share with the People. The court made a fourth request, because the People filed a proposed Order After Hearing without a Plea Agreement to base it on. As for the court's fifth request for a written Plea Agreement, the Defendant confirmed that a proposed Plea Agreement was sent by the People the day prior. However, both parties wanted the Defendant to confirm that the People incorporated the correct terms within the proposed Plea Agreement before it could be submitted for the court's review.

Despite the parties' inability to submit a written Plea Agreement, the Defendant was aware of the conditions imposed upon him when the court deferred acceptance of his guilty plea in 2018.

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap,* CF0411-17
Page 6 of 8

For instance, the Defendant was aware that he was to refrain from ingesting or consuming illegal controlled substances each time Probation filed a violation against him. Yet, all but two (2) of the Defendant's violations of probation were for ingesting or consuming illegal controlled substances.[3] On the other hand, the Defendant was also aware of his outstanding fine and treatment conditions, considering he paid off some of his fine and completed majority of his recovery support meeting attendance.

In light of both the People and the Defendant's performance throughout the duration of this case, the court finds that the People failed to comply with the court's order to submit a written Plea Agreement in this case. Despite the People's failed attempts to produce a conforming Plea Agreement, the court finds that this failure was not the product of flagrant and prosecutorial misconduct. Therefore, dismissal on these grounds would not be an appropriate sanction in this case.

\\

\\

\\

\\

\\

\\

\\

\\

---

[3] *See* 1st Violation Report (Dec. 31, 2018); *see also* 2nd Violation Report (Apr. 24, 2024); *see also* 3rd Violation Report (May 8, 2024); *see also* 4th Violation Report (June 3, 2024); *see also* 5th Violation Report (June 14, 2024); *see also* 6th Violation Report (June 27, 2024); *see also* 7th Violation Report (Sep. 19, 2024); *see also* 9th Violation Report (Mar. 7, 2025); *see also* 10th Violation Report (Apr. 1, 2025); *see also* [12th] Violation Report; *see also* 13th Violation Report (Aug. 6, 2025); *see also* 14th Violation Report (Nov. 7, 2025).

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 7 of 8

## CONCLUSION

For reasons stated above, the court hereby **DENIES** the Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings.

The court further **ORDERS** that the parties shall submit a Plea Agreement **no later than June 8, 2026, by 5:00PM** in conformity with Judge Sukola's written corrections attached to the Speed Memo filed in this case on December 6, 2018.

A Progress Hearing is scheduled before this court on June 10, 2026, at 2:00PM.

**SO ORDERED** MAY 27 2026 .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & PDSC

Date 5|28|26 Time: 10:01
Reinna M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision & Order Re. Defendant's Motion to Dismiss Case due to Prosecutorial Misconduct
for Failure to Provide Plea Agreement as Ordered by Court at Court Proceedings
*People v. Omagap*, CF0411-17
Page 8 of 8